# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1766V
UNPUBLISHED

| | |
|---|---|
| PAULA F. PETERSON, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: July 13, 2020 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Douglas Lee Burdette*, Burdette Law, PLLC, North Bend, WA, for petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On November 16, 2018, Paula F. Peterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on January 10, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 31, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 13, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,500.00. for actual and projected pain and suffering, with projected pain and suffering reduced to net present value. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $62,500.00 (for actual and projected pain and suffering, with projected pain and suffering reduced to net present value) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAULA F. PETERSON, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 18-1766V <br> Chief Special Master Corcoran <br> ECF |

**PROFFER ON AWARD OF DAMAGES**

On November 16, 2018, Paula F. Peterson ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleged that petitioner received an influenza ("flu") vaccine on January 10, 2017, and that she subsequently suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at *Preamble*. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on December 30, 2019. Based on Respondent's Rule 4(c) Report the Court found petitioner entitled to compensation.

**I.   Item of Compensation**

Respondent proffers that petitioner should be awarded $62,500.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value and represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

1

through a lump sum payment of **$62,500.00**, in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                CATHARINE E. REEVES
                Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                 s/Jennifer L. Reynaud
                JENNIFER L. REYNAUD
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel:  (202) 305-1586

Date:  July 13, 2020

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.